UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN TOSCANO,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | 1:16-CV-01554-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 23)<br><br>ORDER DENYING PLAINTIFF'S MOTION PRODUCING MORE FALSE EVIDENCE BY THE ATTORNEY GENERAL<br><br>(ECF. NO. 24)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR MEDIATION CONFERENCE/SETTLEMENT<br><br>(ECF. NO. 25) |

Ben Toscano ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint asks for a Court ruling that he be permitted to stay in the special housing unit (SHU) at Corcoran. On December 28, 2016, this Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 22) That order contained a detailed summary of Plaintiff's allegations as well as the legal standards for Plaintiff's constitutional

1

claims. The Court then explained why Plaintiff's very brief complaint failed to state a claim under these legal standards. The Court gave Plaintiff 30 days to file an amended complaint.

Rather than amend his complaint, plaintiff filed a motion for reconsideration on January 17, 2017. (ECF No. 23) For the reasons described below, the Court does not believe it made a legal error in its prior order and Plaintiff's initial complaint failed to state a claim. Plaintiff has another thirty days to file an amended complaint.

## I. PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff argues in his motion for reconsideration that Plaintiff does not belong in the modified step down program, the <u>Ashker</u> settlement does not apply to him, Plaintiff was on "administrative" SHU status rather than indeterminate or validation status, and the Attorney General misled the Court by saying that Plaintiff was in the Step Down program. Plaintiff also attaches numerous exhibits.

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

Plaintiff has failed to show that he meets any of the above-mentioned reasons for granting relief from the order dismissing his complaint. The Court based its decision dismissing Plaintiff's complaint by evaluating Plaintiff's brief complaint against the legal standards and determining the Plaintiff had not stated any claim. Plaintiff's motion for reconsideration does not provide a reason to reconsider that decision. Indeed, Plaintiff's motion does not point to any specific allegations that meet the elements of legal claims. Instead, Plaintiff argues that the prison

violated its own policy regarding him. This alone does not state a constitutional claim. *See, e.g., Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (providing that inmates lack a constitutional entitlement to specific prison policies and procedures).

As the Court described in its earlier order, Plaintiff's complaint is difficult to understand. It is very brief, uses many acronyms without explanation, and fails to identify any specific defendants. It discusses a policy and then is unclear whether that policy applies to him or not. It appears that Plaintiff is claiming that certain prison authorities violated his constitutional rights by taking him out of the SHU and putting him in an elevated security population in a different prison. The closest constitutional claim related to these allegations is based on the Eighth Amendment, which guarantees the right to be free from cruel and unusual punishment. The Court set forth the law regarding such a claim in its earlier order:

> To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.
>
> The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Those are the elements the Court will evaluate for such a claim. In other words, in order to state a claim for violating the Eighth Amendment based on a failure to protect, Plaintiff must file an amended complaint that states facts showing that a specific person or persons was deliberately indifferent to a serious threat to Plaintiff's safety, as described above. The Court needs information regarding who made the decision to release him into his current housing, what

3

did that person or persons consider, what is Plaintiff's current security situation, why does Plaintiff believe that he is under an excessive risk to his health and safety now. Plaintiff's original complaint did not meet those elements for the reasons stated in the order, including that it did not describe who made the decision, what they considered in doing so, how they deliberately disregarded Plaintiff's safety, and how Plaintiff faced an excessive risk to him health and safety now.

If Plaintiff files an amended complaint, it should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It should name specific persons as defendants that Plaintiff believes have violated his constitutional rights. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law."); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").

Moreover, Plaintiff must include all facts in the amended complaint. The Court will look to that amended complaint and only that amended complaint to see if it states a claim. If Plaintiff believes that exhibits are needed to state his claim, he should attach them to that amended complaint.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations of events occurring or claims arising after the original Complaint. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

If Plaintiff fails to comply with this order, this action may be dismissed for failure to comply with a Court order.

## II.    PLAINTIFF'S MOTION PRODUCING MORE FALSE EVIDENCE BY THE ATTORNEY GENERAL AND DCD-(OSS) LT. M. LUJAN

Plaintiff also filed a document entitled "Motion Producing More False Evidence by the Attorney General and CDC-(OSS) Lt. M. Lujan." (ECF No. 24). In it, Plaintiff argues that the

submission by the Attorney General had misstatements, including saying that a committee took place on a Saturday, when such meetings only take place on Wednesday. Plaintiff claims that the Attorney General fabricated this chrono in order to commit murder. Plaintiff asks for the Court to immediately put him in non-disciplinary SHU segregation.

Plaintiff's motion will be denied. The Court appreciates the discrepancies Plaintiff points out. It is worth noting that the Court's earlier ruling that Plaintiff's complaint failed to state a viable claim was based the finding that Plaintiff's allegations in his complaint, if true, did not meet the legal standards for a constitutional claim. In other words, setting aside everything said by the Attorney General, Plaintiff's brief complaint does not demonstrate, if true, that a specific person or persons violated his Constitutional rights.

That said, the Court did make note that the Attorney General submitted lengthy documents demonstrating that the prison had evaluated Plaintiff's safety. For example, prison officials refused to release Plaintiff to a GP yard at Corcoran for safety reasons and ultimately transferred him to another prison and also put him in a restricted yard. Plaintiff does not state that this information is false. The Court noted that these documents appear to show that prison authorities carefully considered the issues regarding Plaintiff's safety. It is not the Court's job to independently evaluate where Plaintiff should be housed. Instead, the Court looks to see whether Plaintiff states a legal claim by alleging facts that prison authorities were "deliberately indifferent" to "an excessive risk to his safety."

The Court will deny Plaintiff's request to release him based on the information in Plaintiff's motion. If Plaintiff files an amended complaint, the Court will look at the factual allegations in that complaint only to determine whether it states a legal claim under these, or other applicable, standards.

### III. PLAINTIFF'S MOTION FOR MEDIATION CONFERENCE / SETTLEMENT

Finally, Plaintiff has filed a Motion for Mediation Conference/Settlement. (ECF No. 25). Plaintiff offers to pursue settlement rather than ask for sanctions against the government. He also

requests immediate transfer to Corcoran to conduct the settlement conference and further proceedings.

The Court denies Plaintiff's request to order a settlement conference. Plaintiff does not have an operative complaint in this case. The defendants have not yet been served. It is premature to require a settlement conference.

### IV.   CONCLUSION

Accordingly, based on the foregoing, it is ORDERED that:

1. Plaintiff's Motion for Reconsideration (ECF No. 23) is DENIED;
2. Plaintiff's Motion Producing More False Evidence by the Attorney General and CDC (ECF No. 24) is DENIED;
3. Plaintiff's Motion for Mediation Conference/Settlement (ECF No. 24) is DENIED;
4. Plaintiff has thirty (30) days from the date of service of this order to comply with the screening order dated December 28, 2016 (ECF No. 23).

IT IS SO ORDERED.

Dated:   **February 14, 2017**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE